# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NASRIN BEHROOZI,

    Plaintiff(s),

v.

NEW ALBERTSONS, INC.,

    Defendant(s).

2:11-CV-579 JCM (NJK)

### ORDER

Presently before the court is defendant New Albertson's, Inc.'s ("Albertson's") motion to reopen discovery. (Doc. # 88). Third-party defendant Phaze Concrete, Inc. ("Phaze") filed a response in opposition (doc. # 92), and Albertson's filed a reply (doc. # 96).

Albertson's filed the instant motion in an attempt to resolve a conflict that has arisen between an expert it retained for this case and its current legal counsel. Early in this litigation, Albertson's retained Neil Opfer, an engineering expert, to assist in its defense. After the discovery deadline had passed, Albertson's retained new counsel, Hall Jaffe & Clayton, LLP ("HJC"). (Doc. # 84).

Albertson's has now come to realize that Mr. Opfer refuses to work with HJC due to a disagreement regarding representations on Mr. Opfer's CV. Albertson's states that it had no knowledge of the conflict between HJC and Mr. Opfer prior to retaining HJC as counsel.

Albertson's claims that it now finds itself in a precarious situation, because one of its key experts refuses to work with its legal counsel, and thus it is not able to adequately prepare a response

**James C. Mahan**
**U.S. District Judge**

to Phaze's pending motion for summary judgment. Albertson's argues that discovery should be reopened to allow it to hire a new expert to replace Mr. Opfer in this litigation.

In its response, Phaze attempts to downplay the conflict between HJC and Mr. Opfer. However, Albertson's has provided a letter that Mr. Opfer sent to HJC which demonstrates Mr. Opfer's disdain for HJC's attorneys and clearly conveys his refusal to work with them in the future. (Doc. # 87-12 p. 2). Beyond merely saying that he prefers not to work with HJC, Mr. Opfer includes a rant regarding HJC's use of "diploma mill" experts as well as his thoughts that the attorneys at HJC are "lazy," "stupid," and "moronic." *Id.* After reviewing this letter, the court does not doubt the truth of Albertson's' claims of a conflict between Mr. Opfer and HJC.

Federal Rule of Civil Procedure 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

To prevail on a 56(d) motion for discovery, the Ninth Circuit requires the moving party show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.,* 525 *F.3d* 822, 827 (9th Cir.2008).

In this case, Albertson's has demonstrated that it needs to hire a new expert in order to adequately prepare a response to Phaze's motion for summary judgment. As such, the court will grant the motion, and will set a discovery schedule for this limited purpose.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to reopen discovery (doc. # 88) be, and the same hereby is, GRANTED.

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1       IT IS FURTHER ORDERED that the discovery schedule shall proceed as follows:

2       --      Deadline regarding expert disclosure - 30 days from the issuance of the instant order

3       --      Deadline regarding rebuttal expert disclosure - 45 days from the issuance of the

4 instant order

5       --      Deadline to complete all discovery - 75 days from the issuance of the instant order

6       --      Deadline to file dispositive motions - 90 days from the issuance of the instant order

7       IT IS FURTHER ORDERED that Albertson's' motion to stay or continue the proceedings

8 (doc. # 87) is DENIED as moot.

9       IT IS FURTHER ORDERED that Phaze's motion for summary judgment (doc. # 72) is

10 DENIED WITHOUT PREJUDICE.

11      DATED February 14, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -