# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NASRIN BEHROOZI,

        Plaintiff(s),

v.

NEW ALBERTSONS, INC.,

        Defendant(s).

2:11-CV-579 JCM (NJK)

### ORDER

Presently before the court is defendant/third-party plaintiff New Albertson's, Inc.'s motion to amend its third-party complaint. (Doc. # 107). Third-party defendant Phaze Concrete, Inc. filed a response in opposition, (doc. # 114).

On February 14, 2014, the court granted New Albertson's' request to reopen discovery, allowing it to retain a new expert in this action after an irresolvable conflict arose between its counsel and one of its experts, Neil Opfer. (Doc. # 106). Upon retaining a new expert, New Albertson's discovered evidence allegedly showing that additional parties are responsible for plaintiff's injuries in this case. (Doc. # 107 p. 2). Accordingly, New Albertson's requests leave of the court to file an amended third-party complaint that would add Southern Nevada Paving, Owens Geotechnical, Inc., Collett Electric, Prestige Plumbing, Martin-Harris Construction, and General Growth Properties as third-party defendants. *Id.* New Albertson's has attached its proposed, amended third-party complaint to this motion in compliance with LR 15-1(a). (Doc. # 107-15).

**James C. Mahan**
**U.S. District Judge**

## I. Discussion

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. The local rules of federal practice in the District of Nevada require that a party submit a proposed, amended pleading along with a motion to amend. LR 15-1(a).

Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). If the moving party demonstrates good cause under Rule 16(b), then it must then establish that the proposed amendment is permissible under the factors germane to Rule 15. *Id.* "[T]he existence or degree of prejudice to the party opposing the modification" may supply "additional reasons to deny" a request for leave to amend, but "the focus of the inquiry is upon the moving party's reason for seeking modification. If that party was not diligent, the inquiry should end." *Id.*

Third-party defendant Phaze Concrete argues that New Albertson's' request lacks good cause, as one of Phaze Concrete's experts had identified evidence in his initial report that supports New Albertson's' newly-adopted theory. Be that as it may, the record shows that New Albertson's quickly discovered this evidence upon retaining a new expert and promptly filed the instant motion upon making that discovery. Prejudice would likely result if the court did not allow New Albertson's to alter a complaint filed in reliance upon the theories of an expert who refused to work with its counsel.

Furthermore, adding these third-party defendants will advance the interest of judicial economy, as the court will be able to resolve all disputes revolving around plaintiff's claims in a

single action. Also, the court notes that plaintiff Nasrin Behroozi did not file an opposition to the instant motion.

Therefore, in consideration of the liberal Rule 15(a) standard, the court finds that New Albertson's' motion to amend its third-party complaint has not been made in bad faith, will not cause undue delay or prejudice, and presents cognizable legal arguments. Additionally, the court finds there is good cause to allow New Albertson's to amend its third-party complaint.

## II. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that New Albertson's' motion to amend (doc. # 107) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that New Albertson's file an amended third-party complaint in accordance with the foregoing within seven (7) days of the entry of this order.

DATED April 30, 2014.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**