UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NASRIN BEHROOZI,<br><br>　　　　Plaintiff(s),<br><br>vs.<br><br>NEW ALBERTSON'S, INC., et al.,<br><br>　　　　Defendant(s). | Case No. 2:11-cv-00579-JCM-NJK<br><br>ORDER GRANTING MOTION TO SEVER<br><br>(Docket No. 146) |

　　　　Pending before the Court is Plaintiff's renewed motion for severance and separate trial. Docket No. 146.[1] Defendant filed a response in opposition and Plaintiff filed a reply. Docket Nos. 163, 165. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the Court hereby **GRANTS** the motion.

**I.　　BACKGROUND**

　　　　Plaintiff alleges that she fell inside of Defendant's property on October 4, 2007. *See* Docket No. 1-2 at 20. Plaintiff then filed suit in state court on September 14, 2009, and the case was removed to federal court on April 15, 2011. *See* Docket No. 1 at 1. On October 6, 2011, Defendant filed a third-party complaint against Phaze Concrete. *See* Docket No. 22. On May 7, 2014, Defendant filed an amended third-party complaint, adding several additional third-party defendants. *See* Docket No. 118; *see also* Docket No. 133 (second amended third-party complaint).

---

[1] Third-Party Defendants Nova Engineering and Environmental, Inc. and Collet Electric joined the motion. *See* Docket Nos. 154, 156. The third-party claims against these parties have since been dismissed without prejudice. *See* Docket No. 170.

Shortly thereafter Plaintiff filed a motion to sever and for separate trials. Docket No. 119. The Court ultimately denied that motion without prejudice. Docket No. 132. Now before the Court is Plaintiff's renewed motion to sever and for separate trials.

## II.   MAGISTRATE JUDGE AUTHORITY

The pending motion has been referred to the undersigned magistrate judge. Before turning to the merits of the pending motion, the Court evaluates its authority to decide it. *See Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, *2 (D. Nev. Aug. 15, 2014). The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which generally provides magistrate judges with the authority to "hear and determine" non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). By contrast, dispositive matters are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60.

The pending dispute falls within the gambit of non-dispositive matters properly determined by a magistrate judge. When a court grants a motion to sever a claim, the suit on that claim simply continues in another guise. *See Dragon Quest Prods., LLC v. John Does 1-100*, 2013 WL 2949407, *2 n.6 (D.N.J. June 14, 2013). The ruling on such a motion does not actually dispose of any claim. *See id.* As a result, courts have determined that a magistrate judge may resolve such a motion through an order, rather than issuing a report and recommendation for the district judge's *de novo* review. *See id.*; *see also Third Degree Films v. John Does 1-36*, 2012 WL 2522151, *1 n.1 (E.D. Mich. May 29, 2012) (collecting cases). Accordingly, the undersigned has the authority to resolve the motion to sever currently pending before the Court.

## III.   STANDARDS

Federal Rule of Civil Procedure 14 governs third-party actions.[2] "Rule 14 was designed to provide for the adjudication of rights of all persons involved in a controversy in order to avoid circuity of actions and multiplicity of suits." *Nev. Eighty-Eight, Inc. v. Title Ins. Co. Of Minn.*, 753 F. Supp.

---

[2] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1516, 1529 (D. Nev. 1990) (citing *Mid-States Ins. Co. v. Am. Fidelity & Cas. Co.*, 234 F.2d 721, 732 (9th Cir. 1956)). In this way, Rule 14 "promote[s] judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

Rule 14(a)(4) also provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Courts have broad discretion in deciding whether to sever claims pursuant to Rule 14(a)(4). *See Monje v. Spin Master Inc.*, 2013 U.S. Dist. Lexis 173429, *13 (D. Ariz. Dec. 10, 2013). The committee notes provide guidance on the exercise of that discretion in providing that, "[a]fter the third-party defendant is brought in, the court has discretion to . . . sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result." *Nevada Eighty-Eight*, 753 F. Supp. at 1529-30 (quoting committee notes). Courts have severed third-party claims pursuant to Rule 14(a)(4) when, *inter alia*, not doing so would significantly delay resolution of the underlying claims and create a risk of jury confusion. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 6671774, *3 (N.D. Cal. Dec. 18, 2013).

**IV.   ANALYSIS**

As noted above, the two primary concerns in deciding a motion to sever pursuant to Rule 14(a)(4) are whether not doing so (1) would lead to delay and (2) would create a risk of jury confusion.[3]

---

[3] The parties dispute whether resolution of the pending motion is dictated by the order of United States District Judge James C. Mahan granting Defendant's motion to file an amended complaint adding new third-party defendants. *See* Docket No. 116. Defendant argues that Judge Mahan already considered issues such as delay and judicial economy in allowing the new third-party claims. *See* Docket No. 163 at 6-7. While that may be true, Judge Mahan was applying standards to determine whether amendment should be allowed rather than specifically addressing the issue now before the Court. *See* Docket No. 116 at 3 (noting that the Court's conclusion was "in consideration of the liberal Rule 15(a) standard"). Moreover, while it may well have been more convenient for all involved had Plaintiff raised her concerns by responding to the motion to amend, the Court cannot say it was improper for her to do so after the motion to amend was resolved. *See Nevada Eighty-Eight*, 753 F. Supp. at 1529 (the court has discretion to sever third-party claims "[a]fter the third-party defendant is brought in"); *see also U.S. Ethernet*, 2013 WL 6671774, at *3 (finding severance proper despite previous order permitting filing of third-party complaint). In short, the Court now has before it briefing specific to whether severance is proper, and finds that granting the motion to sever is not precluded by Judge Mahan's earlier order.

1  Plaintiff argues that there would be significant delay in not granting the motion in a case that has already
2  been significantly delayed and that such further delay is prejudicial to Plaintiff. *See, e.g.*, Docket No.
3  165 at 9. Plaintiff further argues that the third-party claims involve complex issues of expert soil
4  analysis and engineering, in addition to issues regarding indemnity and contribution. *See*, *e.g.*, Docket
5  No. 146 at 9-10.

6  Defendant counters that it would be prejudiced by granting the pending motion because it is
7  imperative to require the parties to conduct joint discovery on, *inter alia*, soil testing. *See* Docket No.
8  163 at 7. Without meaningful elaboration, Defendant argues that such testing is an "integral part" of its
9  defense to Plaintiff's claim because the soil testing may show that it lacked "notice of the alleged
10 defective floor condition." *See id.* at 4. Plaintiff counters that such an argument lacks merit because
11 Defendant's Rule 30(b)(6) deponent already acknowledged that Defendant had notice of the defective
12 floor condition prior to Plaintiff falling. *See* Docket No. 165 at 9-10; *see also* Docket No. 165-1 at 5-6.

13 Considering the parties' papers and the record as a whole, the Court agrees with Plaintiff that not
14 severing the third-party claims would create a significant delay in resolution of her case and,
15 consequently, would prejudice Plaintiff. Indeed, the Court has only recently addressed the sufficiency
16 of the pleadings with respect to the third-party claims. *See* Docket No. 170. The Court also agrees that
17 not severing the claims creates a risk of jury confusion in light of the complex issues involved in the
18 third-party claims. Lastly, the Court fails to discern how the soil testing is relevant to Defendant's
19 defenses against Plaintiff given the Rule 30(b)(6) deposition testimony acknowledging notice of the
20 flooring problem that led to Plaintiff's fall.[4] In short, the Court finds Plaintiff's position more

---

[4] Defendant asks the Court to "institute some safeguards to prevent the third-party defendants from arguing liability of the underlying action and the amount of such liability." Docket No. 163 at 8 (briefly discussing *Estate of Lombastro ex rel. Lomastro v. American Family Ins. Group*, 124 Nev. 1060 (2008)). Although it did not file or join in the motion, Third-Party Defendant Phaze Concrete filed an improper "reply" arguing that its right to dispute liability and damages must be preserved but that it remains "neutral" on the motion to sever. *See* Docket No. 166 at 4. The Court finds this dispute is not properly before the Court and is premature. To the extent an actual dispute arises between Defendant and any Third-Party Defendant(s) regarding the ability of the latter to contest liability and the amount of damages during trial, they should file a proper motion. At this time, such a dispute does not appear ripe, and the Court does not have a proper motion and briefing before it. Moreover, the possibility that such a dispute *may* arise is not

persuasive, and concludes that the third-party claims should be severed and resolved through a separate trial.

### V. CONCLUSION

For the reasons discussed more fully above, the Court hereby **GRANTS** Plaintiff's motion to sever and for separate trials.  The Court further **ORDERS** the parties to submit, within seven days of the issuance of this order, joint status reports concerning how the various claims should proceed in light of this order.

The Clerk's Office is **INSTRUCTED** to assign a new case number to the third-party action and transfer the third-party complaint and amended complaints, all related motions, and related Court orders to the new action's docket.  The new action shall remain assigned to Judge Mahan and the undersigned magistrate judge.

**IT IS SO ORDERED.**

DATED: October 24, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

sufficiently concrete or compelling to change the outcome of the pending motion.